UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADDISON AUTMATICS, INC., )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PRECISION ELECTRONIC GLASS, INC., )<br>and PHILIP ROSSI, )<br>   Defendants, ) | No. 10-cv-6903<br><br><br>**Jury Demanded** |

### JOINT NOTICE OF REMOVAL TO FEDERAL COURT
### BASED ON FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. §§ 93(a)(1), 1331, 1441 and 1446, Defendants Philip Rossi ("Rossi") and Precision Electronic Glass, Inc. ("PEG"), by and through their undersigned counsel, hereby submit this Joint Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, currently pending as Case No. 2010-CH-34957 in the Circuit Court of Cook County, Illinois. In support of this joint petition and as grounds for removal, Rossi and PEG respectfully states as follows:

1. On or about August 13, 2010, Plaintiff Addison Automatics, Inc. ("Plaintiff") commenced this action by filing a complaint (the "Complaint") in the Chancery Division of the Circuit Court of Cook County, Illinois. The Complaint, styled *Addison Automatics, Inc. v. Precision Electronic Glass, Inc. and Philip Rossi*, was assigned Case Number 2010-CH-34957. Except for a routine motion to appoint a special process server, no proceedings have occurred in the Circuit Court of Cook County as of the date of this removal.

2. The Complaint and Summons were served on Rossi, in his individual capacity, on October 7, 2010. (*See* Declaration of Philip Rossi, sworn to on October 25, 2010 (the "Rossi Dec."), attached hereto as Exhibit 1.)

3. Plaintiff's Complaint seeks recovery for itself and on behalf of a putative class of "similarly situated persons" for (i) alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"); (ii) common law conversion; and (iii) alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.*

4. Removal to this federal court is authorized by 28 U.S.C. § 1441(a) which mandates that any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant. *See, e.g.*, *Caterpillar Inc. v. Williams,* 107 S.Ct. 2425, 2429 (1987); *Brill v. Countrywide Homes Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

5. Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over Plaintiff's TCPA claim because it arises under the laws of the United States. *See, e.g., Brill*, 427 F. 3d at 451 (stating that a TCPA action may be removed to federal court because "the claim arises under federal law").

6. This Court has supplemental jurisdiction over Plaintiff's claims for conversion and under the Illinois Consumer Fraud and Deceptive Business Practices Act because they form part of the same case or controversy as the TCPA claim. *See* 28 U.S.C. § 1367. Supplemental jurisdiction should not be refused as Plaintiff's claims raise no novel or complex issue of state law nor do they predominate over Plaintiff's federal TCPA claim. *See id.* § 1367(c).

7. Venue is proper in this Court as Cook County is within the territory of the United States District Court for the Northern District of Illinois, Eastern Division. *See id.* § 93(a).

8. Rossi and PEG have attached, as Exhibit 1 – see attachments to Rossi Dec., a copy of all process pleadings and orders served upon Rossi on October 7, 2010.

9. Plaintiff has not requested a trial by jury.

10. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within thirty days of service upon Rossi of the Summons and Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). *See* Exhibit 1, Rossi Dec., indicating service on Rossi on October 7, 2010.

11. Written notice of this Joint Notice of Removal is being served upon Plaintiff and a copy of the Joint Notice of Removal is being filed with the Chancery Division of the Circuit Court of Cook County, Illinois.

12. This Joint Notice of Removal is signed in compliance with Rule 11 of the Federal Rules of Civil Procedure as it contains the signature of counsel for both Defendants in this action.

13. In the event Plaintiff moves for remand or this Court considers remand *sua sponte*, Rossi respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

### Jury Demand

14. Rossi hereby demands a jury by trial on all issues so triable by jury.

WHEREFORE, PHILIP ROSSI and PRECISION GLASS ELECTRONIC, INC. respectfully petition that the above-entitled action be removed and transferred from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: October 26, 2010

Respectfully submitted,

PHILIP ROSSI and PRECISION ELECTRONIC GLASS, INC.


　　/s/ David S. Almeida
David S. Almeida (6285557)
　dsalmeida@michaelbest.com
Jolanda B. Krawczyk (6279214)
　jbkrawczyk@michaelbest.com
**MICHAEL BEST & FRIEDRICH LLP**
Two Prudential Plaza
180 N. Stetson, Suite 2000
Chicago, Illinois 60601
Tel: 312-222-0800
Fax: 312-222-0818

*Attorneys for Philip Rossi and Precision Electronic Glass, Inc.*

**CERTIFICATE OF SERVICE**

I, David S. Almeida, an attorney of record in this matter, certify that on October 26, 2010, I caused a copy of Defendants' *Joint Notice of Removal to Federal Court Based on Federal Question Jurisdiction*, to be filed by electronic (ECF) filing, and have caused service on the following counsel of record via first class mail, postage prepaid, from 180 North Stetson Avenue, Chicago, IL 60601 to:

>Brian J. Wanca
>bwanca@andersonwanca.com
>Anderson + Wanca
>3701 Algonquin Road, Suite 760
>Rolling Meadows, IL 60008
>Fax: (847) 368-1501
>
>Phillip A. Bock
>phil@bockhatchllc.com
>Bock & Hatch, LLC
>134 North LaSalle Street, Suite 1000
>Chicago, IL  60602
>Fax: (312) 658-5555

>*/s/* David S. Almeida