# EXHIBIT  1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADDISON AUTOMATICS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10-cv-6903 |
| | ) | |
| PRECISION ELECTRONIC GLASS, INC., | ) | |
| and PHILIP ROSSI, | ) | |
| Defendants, | ) | |

## DECLARATION OF PHILIP ROSSI

I, Philip Rossi, was served personally as a defendant in the instant matter with a copy of

the attached Complaint and Summons by special process server on October 7, 2010 at _____

am/pm.

FURTHER DECLARANT SAYETH NAUGHT.

PHILIP ROSSI

SUBSCRIBED AND SWORN TO

Before me this 25 day of October, 2010.

BETTY-JO POLISE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 25, 2015
I.D. #0074427

Notary Public

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 10 CH 34957

ADDISON AUTOMATICS, INC.

(Name all parties)

v.

Precision Electronic Glass, Inc. and Philip Rossi

Serve: Philip Rossi
1013 Hendee Road
Vineland, NJ

ALIAS
SUMMONS

To each Defendant:

     YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602

☐ District 2 - Skokie
   5600 Old Orchard Rd.
   Skokie, IL 60077

☐ District 3 - Rolling Meadows
   2121 Euclid
   Rolling Meadows, IL 60008

☐ District 4 - Maywood
   1500 Maybrook Ave.
   Maywood, IL 60153

☐ District 5 - Bridgeview
   10220 S. 76th Ave.
   Bridgeview, IL 60455

☐ District 6 - Markham
   16501 S. Kedzie Pkwy.
   Markham, IL 60426

☐ Child Support
   28 North Clark St., Room 200
   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

     This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

**DOROTHY BROWN** SEP 2 9 2010

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ADDISON AUTOMATICS, INC., individually and )
as the representative of a class of similarly-situated )
persons, )
                         )
             Plaintiff, )
                         )   Case No.:
        v. )
                         )
PRECISION ELECTRONIC GLASS, INC. and )
PHILIP ROSSI, )
                         )
           Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff, ADDISON AUTOMATICS, INC. ("Plaintiff"), brings this action on behalf of

itself and all other persons similarly situated, through its attorneys, and except as to those

allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendants, PRECISION

ELECTRONIC GLASS, INC. and PHILIP ROSSI ("ROSSI") (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendants are a foreign corporation and an out of state resident.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is an Illinois corporation.

10.    On information and belief, Defendant, PRECISION ELECTRONIC GLASS, INC., is a New Jersey corporation which has its principal place of business in Vineland, New Jersey.

2

On information and belief, Defendant, PHILIP ROSSI, is an officer, director, shareholder and control person of PRECISION ELECTRONIC GLASS, INC.

On information and belief, ROSSI approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTS

11.     On or about January 16, 2008, Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.     Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

13.     Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14.     Plaintiff had not invited or given permission to Defendants to send fax advertisements.

15.     On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

3

16.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

18.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

19.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

4

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)   Whether the Court should award trebled damages; and

(ix)    Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

20.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

21.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

22.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

5

23.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

24.     The TCPA provides:

> 3.     Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

25.     The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

26.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

27.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

28.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other

6

advertisements Defendants sent were advertisements, and that Exhibit A and the other
advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R.
1200.

29.     Defendants' actions caused damages to Plaintiff and the other class members.
Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the
printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine.
Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving,
reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on
Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other
class members' privacy interests in being left alone. Finally, the injury and property damage
sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside
Defendants' premises.

30.     Even if Defendants did not intend to cause damage to Plaintiff and the other class
members, did not intend to violate their privacy, and did not intend to waste the recipients'
valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a
strict liability statute.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf
of all others similarly situated, demands judgment in its favor and against Defendants,
PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as
follows:

A.     That the Court adjudge and decree that the present case may be properly
maintained as a class action, appoint Plaintiff as the representative of the class, and appoint
Plaintiff's counsel as counsel for the class;

7

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the

statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and

proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

**COUNT II**
**CONVERSION**

31.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing
> of this action, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods or services by or on behalf of Defendants, (3) with respect to
> whom Defendants cannot provide evidence of prior express
> permission or invitation for the sending of such faxes, and (4) with
> whom Defendants did not have an established business
> relationship.

33.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and

is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

8

(ii)     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements; and

(iii)     Whether Defendants committed the tort of conversion.

34.     Plaintiff will fairly and adequately protect the interests of the other class

members.  Plaintiff has retained counsel who is experienced in handling class actions and claims

involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests

adverse or in conflict with the class.

35.     A class action is an appropriate method for adjudicating this controversy fairly

and efficiently.  The interest of the individual class members in individually controlling the

prosecution of separate claims is small and individual actions are not economically feasible.

36.     By sending Plaintiff and the other class members unsolicited faxes, Defendants

improperly and unlawfully converted their fax machines, toner and paper to its own use.

Defendants also converted Plaintiff's employees' time to Defendants' own use.

37.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other

class members owned an unqualified and immediate right to possession of their fax machines,

paper, toner, and employee time.

38.     By sending the unsolicited faxes, Defendants permanently misappropriated the

class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such

misappropriation was wrongful and without authorization.

39.     Defendants knew or should have known that its misappropriation of paper, toner,

and employee time was wrongful and without authorization.

40. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

41. Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

42. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

10

C.   That the Court award costs of suit; and

D.   Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

43.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.   In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to
> the filing of this action, (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) with respect
> to whom Defendants cannot provide evidence of prior express
> permission or invitation for the sending of such faxes, and (4) with
> whom Defendants did not have an established business
> relationship.

45.   A class action is proper in that:

(a)   On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)   There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

(i)   Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

11

      (ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iii)    Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

      (iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

      (v)    Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

46.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

49.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

12

50. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

51. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

13

Respectfully submitted,

ADDISON AUTOMATICS, INC., individually and as the representative of a class of similarly-situated persons,

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Firm I.D. No.: 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Firm I.D. No.: 44533

14

EXHIBIT A

to:JOHN SMITH          Fm:PEG Marketing       12:35 01/16/08 PG 001



PRECISION ELECTRONIC GLASS
Innovation. Technology. Service.

Precision Boro Tubing
Glass Blowing and Lathe Tooling
Precision Grinding
Near Optical Polishing
Seals (Glass-to-Glass/Metal/Graded)
ISO 9001: US95/0372

"Silky Smooth Bores" are just the beginning....

# *FAX Cover Sheet*

**To:** JOHN SMITH

**From:** Philip Rossi

**Company:** ADDISON AUTOMATICS INC
**Fax:** 18153597522
**Date:** January 16, 2008
**Ref#:** FREE Industry Tools

Precision Electronic Glass
1013 Hondoe Rd,
Vineland, NJ 08360-3295
Tel. (800) 982-4734
Fax (856) 691-3090

# It is estimated that purchasers of Precision Glass Parts WASTED $18,427,912 in 2007.

Find out How & Why, AND....
Learn how to avoid the same mistakes.

## FREE TOOL:        *NEW*

"2008 Glass Buyers Guide"     Education is the key to
avoiding costly mistakes when purchasing precision
bore tubing and custom glass parts.
This FREE 1-Page Industry Snapshot Includes:

* Material price trends.
* Industry statistics on conversion costs.
* National averages for engineering metrics.
* Effects of CHINA material on the U.S market.
* Survey results on supplier programs.

**YES!** I would like to
receive this FREE Tool.

Email:   freetool@pegglass.com
Fax:     (856) 691-3090
Phone:   (800) 982-4734

*We have several reports and tools to
help purchasers of glass products make
informed decisions, so please specify the
name of the tool you wish to receive.

☐ Check here if you do NOT wish to receive future fax advertisements from Precision Electronic Glass at
your fax number.  Please FAX your removal request toll-free to (866)527-1779.  If you would rather opt-
out of future faxes by phone, please call 866-254-4813 or go to http://xmsiconnect.us/removemyfax/.
Your contact information, including fax number was collected from one of the following public sources; a
directory, advertisement, or website.  Our goal is to educate consumers, however, we value your privacy and
will gladly remove you from future faxes.  Our failure to comply with your removal request within the shortest
reasonable time, as determined by the FCC, with such a valid request identifying the telephone facsimile
machine(s) to which the request relates would be unlawful.                              Rev. 8

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ADDISON AUTOMATICS, INC., individually and )
as the representative of a class of similarly-situated )
persons, )
     )
                 Plaintiff, )
     )    Case No.:
          v. )
     )
PRECISION ELECTRONIC GLASS, INC. and )
PHILIP ROSSI, )
     )
              Defendants. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ADDISON AUTOMATICS, INC., by its attorneys, Anderson + Wanca and

Bock & Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to

certify for class action treatment the following classes, as described in Plaintiff's Class Action

Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, (4) with whom Defendants
> did not have an established business relationship, and (5) which
> did not display a proper opt out notice.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendants did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or

services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., prays that this court enter

an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ADDISON AUTOMATICS, INC.., individually, and as the representative for a class of similarly-situated persons

By: _____

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500