# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6903 | **DATE** | 12/15/2011 |
| **CASE TITLE** | Addison Automatics vs. Rossi | | |

**DOCKET ENTRY TEXT**

Status hearing held on 12/15/2011. Oral argument presented on defendants' motion for judgment on the pleadings [48]. Defendants seek judgment on the pleadings on plaintiff's claims of violation of the Telephone Consumer Protection Act, conversion under Illinois law, and consumer fraud under Illinois law. Their primary argument in support of their motion is that the communication providing the basis for the plaintiff's claims, an allegedly unsolicited facsimile transmission, is merely informational, and is not advertising. As an initial matter, the court notes that the parties have not suggested that the advertising/information characterization is material to the plaintiff's state law claims. This court is aware of no basis for a conclusion that plaintiff's state law claims are defeated if the communication at issue is merely informational. Accordingly, the court considers the defendants' assertions regarding the informational nature of the fax to be relevant only to dismissal of Count I of the plaintiff's complaint. Status hearing and plaintiff's motion for class certification [65] continued to 2/27/2012 at 9:00 a.m..

■[ For further details see text below.]     Docketing to mail notices.

00:30

# STATEMENT

Defendants note that the fax transmission does not suggest the commercial availability of any good or service, and argue that this fact suggests that the fax is not advertising. However, a fax may be considered advertising despite the fact that it does not itself make a specific offer of goods or services for sale. *G.M. Sign Inc. v. MFG.Com, Inc.*, 2009 WL 1137751 (N.D. Ill. 2009). The top portion of the single-page fax transmission consists of a logo of defendant Precision Electronic Glass and an apparent list of its products and services: precision bore tubing; glass blowing and lathe tooling, precision grinding; near optical polishing; and seals (glass-to-glass/metal/graded). Provision of such information about a defendant, even in a larger fax containing other information not related to the defendant's services, may be considered to be sufficiently significant to be advertising prohibited by the TCPA.. *Holtzman v. Turza,* 2008 WL 2510182 (N.D.
XCIX. 2008). In this case, the "informational" section of the fax alerts its recipients that purchasers of glass parts might be wasting money, and it advises them that this waste can be avoided with the help of a free "buyers guide" available from the one of the defendants, who apparently sells such products. Defendants' motion for judgment on the pleadings is properly granted only if, viewing the record in the light most favorable to the plaintiff, it appears beyond doubt that the plaintiff cannot prove any facts that would support its claim for relief. *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). On the pleadings, it appears that the defendants are sellers of glass products, and are offering glass products buyers assistance in saving money with their purchases. It is not clear to this court that this offer of assistance is not advertising under the TCPA.

Defendants also argue that the class proposed by the plaintiffs is incapable of objective definition. Even if this argument is correct, it suggests a basis for prohibiting the joinder of plaintiff's claims with others, not a basis for a judgment for the defendants on his claims. Accordingly, the court views the defendants' class definition arguments as more appropriately raised in response to the plaintiff's motion for class certification.

| STATEMENT |
|---|
| For the foregoing reasons, the defendants' motion for judgment on the pleadings [48] is denied.<br><br>Plaintiff's motion for leave to file a first amended complaint [62]. Defendants' answer or other responsive pleading shall be filed by 1/27/2012. Third-party defendants' motion to dismiss the third-party complaint shall be filed by 1/17/2012. |