IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDISON AUTOMATICS, INC., individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | No. 10-cv-06903 |
| v. | ) | Judge Sharon Johnson Coleman |
| PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiff, Addison Automatics, Inc. ("Plaintiff"), respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 23 (e): (1) preliminarily approving the parties' proposed Settlement Agreement (the "Agreement") attached hereto as Exhibit A; (2) approving the form of Class Notice attached as Exhibit 2 to the Agreement and approving its dissemination to the Settlement Class by facsimile and by mail if unsuccessful by fax; and (3) setting dates for exclusion requests, objections, and a fairness hearing. A proposed Order Preliminarily Approving the Class Action Settlement and Approving the Class Notice is attached as Exhibit 1 to the Agreement (and will be submitted in electronic format to the Court pursuant to its rules).

## I. BACKGROUND AND SUMMARY OF SETTLEMENT.

1. In this action, Plaintiff contends that defendants Precision Electronic Glass, Inc. and Philip Rossi ("Defendants"), violated the Telephone Consumer

Protection Act, 47 U.S.C. § 227 (the "TCPA"), the common law of conversion, and other state laws by sending facsimiles to persons without their consent.

2. The Affidavit of Philip Rossi is attached as Exhibit B and submitted in support of the settlement.

3. Defendants promptly tendered their defense of this litigation to their insurers, The Netherlands Insurance Company ("Netherlands"), which had issued at least three (3) commercial general liability primary policies to Defendants under Policy Number 9394865 for the policy periods March 12, 2005 to March 12, 2006, March 12, 2006 to March 12, 2007 and March 12, 2007 to March 12, 2008, and Excelsior Insurance Company ("Excelsior") which had issued at least three (3) Umbrella policies for the same policy periods. Netherlands and Excelsior denied coverage and refused to defend Defendants in this Litigation under these policies and filed a declaratory judgment action in the United States District Court, District of New Jersey and Plaintiff filed a declaratory judgment action against Netherlands and Excelsior in the Suffolk Superior Court, Commonwealth of Massachusetts.

4. After reviewing and analyzing the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of a damage award in excess of that negotiated in this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals, Plaintiff and Defendants reached an agreement to settle this case on a class-wide basis.

5. Because of Defendants' inability to pay except through their insurance

policies, Plaintiff's attorneys decided that the settlement is fair, reasonable, and adequate for the Settlement Class.

6. The key terms of the Agreement are as follows:

(a) Class Certification. The parties agreed to a "Settlement Class" defined as "All persons who were sent a facsimile between January 16, 2008 and July 24, 2008 from "Philip Rossi" and "Precision Electronic Glass" in "Vineland, NJ" offering a "2008 Glass Buyers Guide," "Precision Bore Tubing," "Glass Blowing and Lathe Tooling," "Precision Grinding," "Near Optical Polishing," and "Seals (Glass-to-Glass/Metal/Graded)." Excluded from the Settlement Class are Defendants, any of their parents, subsidiaries, affiliates or controlled persons, and officers, directors, agents, servants, and employees, and the members of their immediate families. Also excluded are persons who timely exercise their right of exclusion. Defendants agreed to certification of this Settlement Class for settlement purposes only.

(b) Judgment and Payment. Plaintiff will move the Court to enter judgment in favor of the Settlement Class and against Defendants in the total amount of $15,875,500.00 for all claims that were brought or could have been brought arising out of the 31,751 faxes sent between January 16, 2008 and July 24, 2008 (the "Judgment"). Defendants will not oppose that motion.

In a dollar-for-dollar partial satisfaction of $85,000 of the Judgment, within three business days after the final order disposing of this action, Defendants will pay $85,000 by wire transfer or certified check to Plaintiff's

attorneys who will hold it in a segregated IOLTA client trust account for the benefit of the Settlement Class. In exchange for the Settlement, and except for the $85,000 payment from Defendants referenced in this paragraph, Plaintiff and the Settlement Class covenant not to execute against Defendants or Defendants' assets other than insurance to collect the Judgment.

(c) Covenant Not to Execute. Plaintiff and the Settlement Class have agreed not to seek to execute against, attach, lien, or otherwise seek to acquire any interest in the property or assets of Defendants or any of their members, partners, agents, officers, directors, shareholders, and employees of any kind (except for their insurers and other than the proceeds of Defendants' insurance policies and the $85,000 payment from Defendants required above) to satisfy or recover on the Judgment, and agree to seek recovery to satisfy the Judgment only from Defendants' insurance policies and from the $85,000 payment from Defendants required above. Plaintiff and the Settlement Class agree not to execute against Defendants' non-insurance assets – outside of the $85,000 payment from Defendants required above – even if a determination is made that Defendants' insurance carriers do not owe defense or indemnity coverage for the claims alleged in the Litigation.

(d) Class Notice. The parties propose to send the class notice by fax to the fax numbers in question and by mail if the faxing is unsuccessful. The proposed notice is attached to the Agreement as Exhibit 2.

(e) Attorney's Fees and Costs and Incentive Award. Plaintiff's attorneys shall apply to receive attorney's fees of one-third of the future recovery from Defendants' insurance, plus out-of-pocket costs incurred. Defendants will not oppose this request. Plaintiff's attorneys shall also apply for Plaintiff to receive a $15,000 incentive award to be paid only from a recovery from the insurance. Defendants will not oppose this request. At final approval, Plaintiff's attorneys shall request reimbursement of their out-of-pocket expenses incurred to date from the $85,000 initially paid by Defendants and the remainder of that money will be held in the IOLTA trust account as described above.

## II. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

### A. THE COURT SHOULD CERTIFY A SETTLEMENT CLASS.

7. Certification of a settlement class is appropriate under Fed. R. Civ. P. 23 (a), (b) (3) and (g). Here, the parties have agreed to the following Settlement Class: All persons who were sent a facsimile between January 16, 2008 and July 24, 2008 from "Philip Rossi" and "Precision Electronic Glass" in "Vineland, NJ" offering a "2008 Glass Buyers Guide," "Precision Bore Tubing," "Glass Blowing and Lathe Tooling," "Precision Grinding," "Near Optical Polishing," and "Seals (Glass-to-Glass/Metal/Graded)."

8. A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a) (1). The Settlement Class includes persons holding the fax numbers that received more than 31,751 successful fax transmissions. As a result, "numerosity" is satisfied.

9. Rule 23 (a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23 (a) (2). Here, Plaintiff has alleged that Defendants engaged in standardized conduct involving a common nucleus of operative facts by sending facsimiles to thousands of persons without their consent.

10. Rule 23 (a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23 (a) (3). Here, Plaintiff's claims and the other proposed class members' claims all arise from the same conduct.

11. Rule 23 (a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a) (4). There is no antagonism between Plaintiff's interests and the interests of the other members of the Settlement Class. Further, Plaintiff's counsel are experienced class action lawyers and they are particularly experienced with class actions involving unsolicited faxes. Consequently, Plaintiff is a fair and adequate representative of the Settlement Class.

12. Rule 23 (b) (3) requires that common questions of law or fact predominate over individual questions. Here, Plaintiff allege that Defendants engaged in standardized conduct involving a common nucleus of operative facts by sending form facsimiles to thousands of persons without their consent.

13. Finally, Rule 23 (b) (3) requires that a class action be the superior method for adjudicating the claims. Here, the class wide settlement will achieve economies of time, effort and expense while promoting uniformity of decision as to

persons similarly situated. It is the superior method for resolving the claims at issue.

14. For these reasons, the Court should certify the Settlement Class as part of the parties' settlement.

**B. THE PROPOSED SETTLEMENT IS WITHIN THE RANGE OF POSSIBLE APPROVAL.**

15. A district court's review of a proposed Class Action Settlement is a two-step process. *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305,314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). The first step is to hold a preliminary fairness hearing prior to the giving of the notice to class members. *Id*. The purpose of the preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1006, 1124 (7th Cir. 1979). *See also Carnegie v. Household International, Inc*. 371 F. Supp. 954, 955 (N.D. Ill. 2005) (purpose of fairness hearing is to "determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing").

**C. STANDARD FOR JUDICIAL EVALUATION AND APPROVAL.**

16. A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (2). *See Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463F3N 646, 652 (7th Cir. 2006); *DHL v. Thoroughbred Technology + Telecom.*, 309 F.3d 978, 986 (7th Cir. 2002). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is

particularly true in class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to give notice of the settlement to class members. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

### D. FACTORS TO BE CONSIDERED IN DETERMINING WHETHER A SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

17. The factors for consideration are: (1) the strength of Plaintiff's case on the merits compared to the amount of the settlement; (2) Defendants' ability to pay; (3) the likely complexity, length and expense of further litigation; (4) opposition to the settlement from members of the class; (5) evidence of collusion; (6) opinions of counsel; (7) the stage of the proceedings and the amount of discovery completed at the time of settlement; and (8) the public interest. *Isby v. Bayh*, 75 F.3d 1191, 1198-1199 (7th Cir. 1996).

18. Here, consideration of these factors shows the proposed settlement is within the range of possible approval, so notice should be sent and a fairness hearing should be scheduled.

#### 1. Strength on the Merits Compared to the Settlement Amount.

19. The Parties agree that the Settlement Class includes thousands of persons to whom Defendants sent 45,000 advertisements by fax between January 16, 2008 and July 24, 2008, of which 31,750 were received. A finding of Defendants' liability to the Settlement Class under the TCPA, for example, with statutory

damages of $500 per fax, would result in a damage award of $15,875,000.00. Given Defendants' inability to pay any judgment more than $85,000 from anything other than its insurance assets, a payment of $85,000 plus a judgment collectible from Defendants' insurance is a reasonable compromise of the Settlement Class's claims. Defendants raised several possible defenses to the claims.

**2. Defendants' Ability to Pay.**

20. Defendants cannot pay a judgment of more than $85,000 except through their insurance assets. Defendants would have to file for bankruptcy if the Settlement Class were to pursue collection of a money judgment solely against Defendants. As an unsecured judgment creditor, the Settlement Class would likely recover less than the costs and expenses of litigating their claims in bankruptcy, and would be forced to seek recovery from the insurance anyway.

21. Defendants purchased insurance policies covering the relevant time period. That insurance provides a source from which the Settlement Class can seek compensation for their claims against Defendants.

22. Defendants promptly tendered their defense in the Litigation to their insurers, The Netherlands Insurance Company ("Netherlands"), which had issued at least three (3) commercial general liability primary policies to Defendants under Policy Number 9394865 for the policy periods March 12, 2005 to March 12, 2006, March 12, 2006 to March 12, 2007 and March 12, 2007 to March 12, 2008, and Excelsior Insurance Company ("Excelsior") which had issued at least three (3) Umbrella policies for the same policy periods. Netherlands and Excelsior denied

coverage and refused to defend Defendants in this Litigation under these policies.

**3. The Costs of Further Litigation.**

23. Because Defendants' insurance policies are the only practical source for the satisfaction of any judgment in the Settlement Class's favor above $85,000.00, it is in the Settlement Class's best interests to avoid future litigation costs that do not relate to obtaining that insurance. Further litigation of the underlying claims against Defendants in this Court, on appeal, or in bankruptcy will be expensive for the Settlement Class and will not move the class members closer to collecting any money. On the other hand, if this action is settled, the Settlement Class can concentrate the efforts on seeking recovery from Defendants' insurers.

24. The settlement should be preliminarily approved because it will minimize the inevitable costs of future litigation of this matter.

**4. Opposition.**

25. Because notice of the settlement has not yet been sent, any opposition by absent class members is unknown and can only be addressed at the final approval hearing.

**5. Absence of Collusion.**

26. The settlement is not the product of collusion. It was reached only after discovery and litigation. Plaintiff and its counsel have concluded that the terms and conditions provided for in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this litigation.

**6. Opinion of Counsel.**

27. Plaintiff's counsel believe this settlement is fair, reasonable, and adequate. They have litigated TCPA class actions and the coverage issues arising in these actions since 2003. *See, e.g.*, *Valley Forge*, 860 N.E.2d 307; *Insurance Corp of Hanover v. Shelborne Assoc.*, 905 N.E.2d 976 (Ill. App. 2009); *Eclipse Mfg. Co. v. U.S. Compliance Co.*, 886 N.E.2d 349 (Ill. App. 2007). Under these circumstances, their opinion should be given great weight because of their extensive experiences in dealing with the myriad and complex issues involved in this case.

**7. Stage of Proceedings and Amount of Discovery.**

28. The stage of proceedings and amount of discovery supports preliminary approval. The Settlement Class includes the thousands of persons to whom Defendants sent more than 31,750 facsimiles between January 16, 2008 and July 24, 2008. The settlement was reached after written discovery and the exchange of sufficient information detailing Defendants' faxing activities.

**8. Public Interest.**

29. The public interest is best served by ending this case now even though claims against the insurance will have to be litigated before the amount of relief available to the Settlement Class can be determined.

30. Based upon the foregoing, as well as upon the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the proposed settlement.

## III. THE COURT SHOULD APPROVE NOTICE TO THE SETTLEMENT CLASS.

31. The parties propose to issue notice by faxing the Settlement Class Notice to each member of the Settlement Class and, if unsuccessful after three attempts to fax, then by U.S. Mail. A copy of the proposed notice is attached as Exhibit 2 to the attached Agreement.

32. Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

33. Rule 23 (C) (2) (B) requires that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the notice will be sent to the class members using their known contact information.

34. Also, the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment

on members under Rule 23 (c) (3)." Here, the proposed notice satisfies all of these requirements.

35. Finally, Rule 23 (e) (1) provides that notice should be given in "a reasonable manner." Here, the parties have agreed to a reasonable manner of notice; fax to the fax numbers in question.

36. In conclusion, the proposed notice meets the legal standards for appropriate notice and satisfies Rule 23. Therefore, the Court should approve the proposed notice and authorize its dissemination to the Settlement Class.

## IV. THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING.

37. Finally, Plaintiff requests that the Court schedule a final fairness hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the attached Agreement.

## V. CONCLUSION.

WHEREFORE, plaintiff, Addison Automatics, Inc., respectfully requests that this Court enter a preliminary approval order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

Respectfully submitted,

s/ Phillip A. Bock
Counsel for Plaintiffs

Brian J. Wanca
David Oppenheim
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC.
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500