

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADDISON AUTOMATICS, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) No. 10-cv-06903 ) |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman |
| v. | ) Magistrate Judge Young B. Kim ) |
| PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, | ) ) ) |
| Defendants. | ) |

## FINAL APPROVAL AND JUDGMENT OF CLASSWIDE SETTLEMENT

WHEREAS, Plaintiff (on behalf of itself and the Settlement Class) and Defendants filed an executed Settlement Agreement (the "Agreement") with the Court on July 28, 2012; and

WHEREAS, the Court, on July 31, 2012 and September 12, 2012, entered Orders Preliminarily Approving the Class Action Settlement, and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Settlement Class Members, and scheduled a hearing to be held on December 13, 2012 to determine whether the Settlement should be approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiff has demonstrated to the Court that such Notice of Proposed Settlement was distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Settlement Class Members, a hearing was held on December 13, 2012, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

**1.**

1. The Complaint in this action alleged that Defendants faxed unsolicited advertisements to Plaintiff and the other members of a putative class. The Complaint alleged Defendants' practice violated federal law and state law and caused damages to Plaintiff and the other members of a putative class.

**2.**   1.   In the Preliminary Approval Order, pursuant to Federal Rule 23, the Court certified the "Settlement Class" defined as follows:

> All persons who were sent a facsimile between January 16, 2008 and July 24, 2008 from "Philip Rossi" and "Precision Electronic Glass" in "Vineland, NJ" offering a "2008 Glass Buyers Guide," "Precision Bore Tubing," "Glass Blowing and Lathe Tooling," "Precision Grinding," "Near Optical Polishing," and "Seals (Glass-to-Glass/Metal/Graded)."

Excluded from the Settlement Class are Defendants and their officers, directors, agents, servants and employees, and the members of their immediate families. The parties have expressly agreed to this Settlement Class definition for settlement purposes only.

3. Further, the Court appointed Plaintiff as the "Class Representative" and appointed attorneys Phillip A. Bock and Brian J. Wanca as "Class Counsel."

3.   4.   Plaintiff and Defendants executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiff and the Settlement Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement, and directed that notice

of the Agreement and of this hearing be disseminated to the Settlement Class in accordance with the terms of the Preliminary Approval Order.

4. 5. In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Proposed Settlement to be disseminated, informing potential Settlement Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Settlement Class or to object to the terms of the settlement. Plaintiff's attorneys confirmed to the Court with the Declaration of Ross Good (Doc. 119), that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

5. 6. The Court hereby finds that the Notice of Proposed Settlement disseminated to the Settlement Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Notice of Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Settlement Class Members.

6. 7. Plaintiff and Defendants have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on December 13, 2012 to determine whether the

3

Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

7. 8. The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

8. 9. Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows:

    a. that the settlement is made in reasonable anticipation of liability;

    1. b. that the settlement amount was fair and reasonable because the judgment amount agreed to is within the range of the statutory damages recoverable;

    2. c. that Defendants' decision to settle conformed to the standard of a prudent uninsured;

    3. d. that the damages amount agreed to is what a prudent person in Defendants' position would have settled for on the merits of the claims in this Litigation;

    4. e. Defendants successfully faxed 31,004 advertisements between January 16 – 19, 2008 and 747 on July 24, 2008;

    5. f. Defendants believed that they had the consent of the fax recipients when they sent the faxes;

4

6. g. Defendants did not intend to injure the fax recipients;

7. h. Defendants tendered this lawsuit to their insurers, Netherlands and Excelsior, for defense and indemnity; and

i. Netherlands and Excelsior denied coverage and refused to defend.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

I. The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Settlement Class Members, and Defendants. The Court certifies the following Settlement Class:

> All persons who were sent a facsimile between January 16, 2008 and July 24, 2008 from "Philip Rossi" and "Precision Electronic Glass" in "Vineland, NJ" offering a "2008 Glass Buyers Guide," "Precision Bore Tubing," "Glass Blowing and Lathe Tooling," "Precision Grinding," "Near Optical Polishing," and "Seals (Glass-to-Glass/Metal/Graded)." (the "Settlement Class").

J. It is hereby determined that the Notice of Proposed Settlement, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds

that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of due process, under Federal Rule of Civil Procedure 23, and all other applicable laws.

K. 53 members of the Settlement Class requested exclusion. <u>Exhibit 1</u>. The persons listed on <u>Exhibit 1</u> to this order are hereby excluded from the Settlement Class. All remaining Settlement Class Members are bound by this Final Judgment and by the Agreement and the settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

L. All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Settlement Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. The Agreement was made in reasonable anticipation of liability. The settlement amount is fair and reasonable. Defendants' decision to settle conforms to the standard of a prudent uninsured. The agreed judgment amount is what a prudent person in Defendant's position would have settled for.

M. The Court enters judgment against Defendant Precision Electronic Glass, Inc. in the total amount of $15,875,500.00 for violations of the TCPA. As agreed between the parties, in a

6

dollar-for-dollar $85,000.00 partial satisfaction of $85,000.00 of the judgment, Defendant shall pay $85,000.00 by wire transfer or certified check within three business days after this order becomes final and non-appealable to Plaintiff's attorneys. The Court orders that Plaintiff's attorneys hold that $85,000.00 in a segregated client trust account for the benefit of the Settlement Class. The remaining portion of the Judgment shall be satisfied only through the proceeds of Defendants' insurance policies. Any recovery obtained on the Judgment shall not be disbursed except upon approval by the Court. The Court retains jurisdiction over this case for purposes of implementing this order

N. It is hereby ordered that the named Plaintiff shall receive $15,000.00 from any recovery against Defendants' insurers, in accordance with the Agreement, as incentive payment for its services to the Settlement Class. Each Settlement Class member, including Plaintiff, who does not exclude himself will be sent a pro rata share of the amount recovered, after the deductions approved herein. Such payments will be made by checks void 90 days after issuance.

O. It is hereby ordered that Plaintiff's attorneys may withdraw from the $85,000.00 payment by Defendants reimbursement of their out-of-pocket expenses already incurred totaling $16,979.17. It is further ordered that Plaintiff's attorneys shall receive attorneys'

7

fees equal to one third of any recovery against Defendants' insurers, plus their out-of-pocket expenses not already reimbursed, in accordance with the Agreement.

P. It is hereby ordered that any funds received from Defendants' insurers remaining after payment of all class administration costs, the incentive award to Plaintiff, the attorney's fees and costs to Plaintiff's attorneys, and all payments to the Settlement Class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiff's attorneys.

Q. On the Effective Date, any Settlement Class member who did not opt- out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and/or any of their officers, directors, shareholders, and employees in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action or the settled claims as defined in the Agreement; and all persons shall be forever barred and

8

      permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants and their officers, directors, shareholders and employees (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

R.    Plaintiff and each Settlement Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendants not to execute on the Judgment against any asset or property of any kind of Defendants, or any of their past or present officers, stockholders, directors, employees, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment solely against Defendants' insurance policies and Defendants' insurers only. This provision does not release the judgment against Defendant Precision Electronic Glass, Inc. to be entered herein, nor does it release the asserted

claims that are the basis for the entry of the judgment or the right to enforce the judgment in favor of the Plaintiff and the Settlement Class against Defendants' insurers only.

S. The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

T. The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court retains jurisdiction for 60 days as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment contained herein and any future recovery for the class against Defendants' insurers.

U. Defendants shall cooperate fully with Plaintiff in all subsequent actions against Defendants' insurers.

V. Defendant, Philip Rossi, is dismissed without prejudice.

W.     This is a final and appealable order and there is no just reason to delay enforcement or appeal.

X.     Post-judgment interest shall accrue from the date of entry of this Judgment Order.

ENTER:

Dated: December 14, 2012

Sharon Johnson Coleman
U.S. District Court Judge